**KENTUCKY COMMISSION ON HUMAN RIGHTS and Ethel Clay, Appellants,**

v.

**Nelson BARBOUR, Appellee.**

Supreme Court of Kentucky.

Dec. 15, 1981.

As Modified Jan. 8, 1982.

Galen A. Martin, Thomas A. Ebendorf, Samuel H. DeShazer, Sara L. Pratt, Kentucky Commission on Human Rights, Louisville, for appellants.

Richard A. Cullison, Covington, amicus curiae (NCHD).

Richard A. Cullison, Covington, Alphonse A. Gerhardstein, Laufman, Quinn & Gerhardstein, Cincinnati, Ohio, amicus curiae (H.O.M.E.).

Geneva F. Perry, Louisville, (amicus) Center for Nat. Policy Review and Metropolitan Washington Planning and Housing Ass'n.

William E. Johnson, Frankfort, for appellee.

## OPINION OF THE COURT

In this case, KRS 344.230(3)(h), which provides for the award of damages by the Kentucky Commission on Human Rights for humiliation and embarrassment due to discrimination, is challenged as an unconstitutional usurpation of judicial power and an overly broad delegation of legislative power to an administrative agency.

The Commission awarded the movant, Mrs. Clay, $750 for embarrassment and humiliation resulting from the respondent Barbour's refusal, for reasons of racial discrimination, to rent an apartment to her and to her husband. The Franklin Circuit Court reversed, holding the statute unconstitutional for lack of specific statutory standards to guide the Commission in awarding damages. The Court of Appeals did not reach the constitutional issue but remanded to the Commission for more detailed findings of fact. Ky.App., 587 S.W.2d 849 (1979). The Commission made further fact findings and reaffirmed its original award. While this second determination was pending on appeal before the Franklin Circuit Court, the Court of Appeals, in an opinion rendered August 22, 1980, held the statute unconstitutional. As a result, the Franklin Circuit Court, in its order of January 5, 1981, set aside the Commission's award of damages. It is from this order that the movant appeals. We ordered transfer of the case pursuant to CR 76.18.

This day we have decided the companion case of *Kentucky Commission on Human Rights and Cooper v. Fraser,* 625 S.W.2d 852 (Ky.1981), in which we hold that the statute, KRS 344.230(3)(h) is constitutional. The opinion in that case is dispositive of the issues raised in the instant case.

We also find that the evidence of humiliation and embarrassment contained in the record is sufficient to sustain the Commission's award of $750 to Mrs. Clay.

The case is remanded to the trial court for a judgment in conformity with this opinion.

All concur.